1
2
3
4
5
6
7

DARREN BRENNER, ESQ.
Nevada Bar No. 8386
TENESA S. SCATURRO, ESQ.
Nevada Bar No. 12488
AKERMAN LLP
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email:  darren.brenner@akerman.com
        tenesa.scaturro@akerman.com

*Attorneys for Bank of America, N.A.*

8

**UNITED STATES DISTRICT COURT**

9

**DISTRICT OF NEVADA**

10

11   ALESSI & KOENIG  LLC, a Nevada limited
liability company,

12                              Plaintiff,

13   v.

14   RICHARD SILVERSTEIN, an individual;
SANDRA SILVERSTEIN, an individual;
15   COUNTRYWIDE HOME LOANS, INC., a
foreign corporation; THE CITY OF RENO, a
16   domestic government entity; WASTE
MANAGEMENT OF NEVADA, INC., a
17   domestic corporation; DEPARTMENT OF
TREASURY, INTERNAL REVENUE
18   SERVICE, a domestic corporation, DOES
INDIVIDUALS I-X, inclusive, and ROE
19   CORPORATIONS XI-XXX, inclusive

20                              Defendants.

21   BANK OF AMERICA, N.A.,

22                         Counter/Cross Claimant,

23   v.

24   ALESSI & KOENIG LLC, a Nevada limited
liability company; SFR INVESTMENTS POOL
25   1, LLC, a Nevada limited liability company;
Does 1 through 10; and ROES 1 through 10,
26   inclusive,

27

28

Case No.: 3:15-cv-00520-RCJ-WGC

**BANK OF AMERICA N.A.'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND CROSS/COUNTERCLAIM AGAINST PLAINTIFF, SFR INVESTMENTS POOL 1, LLC, AND DOUBLE DIAMOND RANCH MASTER ASSOCIATION**

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{38055543;1}

SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company,

Counterclaimant/Cross-claimant,

v.

BANK OF AMERICA, N.A.; UNITED STATES OF AMERICA; NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company; and RICHARD SILVERSTEIN, an individual; SANDRA SILVERSTEIN, an individual; DOES 1 through 10, and ROE BUSINESS ENTITIES 1 through 10, inclusive,

Counter/Cross-Claimant, Cross-Defendants

Defendant Bank of America, N.A. (**BANA**) hereby answers plaintiff Alessi & Koenig, LLC's (**Alessi**) complaint and pleads its counterclaims and crossclaims in the alternative. BANA contends the HOA sale on April 4, 2013 did not extinguish its interest in the property. To the extent the Court decides otherwise, BANA is entitled to the excess proceeds from the HOA sale.

## **The Parties and Jurisdiction**

1.      BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 1 of the complaint, and denies each such allegation on that basis.

2.      BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 2 of the complaint, and denies each such allegation on that basis.

3.      BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 3 of the complaint, and denies each such allegation on that basis.

4.      BANA admits the allegations of paragraph 4.

5.      BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 5 of the complaint, and denies each such allegation on that basis.

6.      BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 6 of the complaint, and denies each such allegation on that basis.

7.      BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 7 of the complaint, and denies each such allegation on that basis.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{38055543;1}

8.      The allegations of paragraph 8 are directed at unnamed entities or persons and BANA is without information or knowledge to admit or deny such allegations and therefore denies the same and demands strict proof thereof.

9.      The allegations of paragraph 9 are directed at unnamed entities or persons and BANA is without information or knowledge to admit or deny such allegations and therefore denies the same and demands strict proof thereof.

10.     The allegations of this paragraph call for BANA to make a legal conclusion as to the power and authority of the Court, and thus no response to this paragraph is required by BANA. To the extent that a further response is required, BANA admits the court has the jurisdiction to litigate this dispute.

## The Underlying Foreclosure Sale

11.     BANA adopts and incorporates by reference all preceding paragraphs.

12.     BANA admits CC & Rs were recorded on April 16, 2009 as document number 3750010. BANA further states the CC & Rs speak for themselves. BANA denies any allegations inconsistent with the CC & Rs as well as the remaining allegations of paragraph 12.

13.     Answering the allegations in paragraph 13 of the complaint, BANA states the CC & Rs speak for themselves. BANA denies any allegations inconsistent with the CC & Rs as well as the remaining allegations of paragraph 13.

14.     BANA admits a grant, bargain and sale deed was recorded on April 28, 2005 as document number 3205616 conveying title to Richard Silverstein and Sandra Silverstein. BANA further states the document speaks for itself. BANA denies any allegations inconsistent with the document as well as the remaining allegations of paragraph 14.

15.     The provisions of NRS Chapter 116 speak for themselves. BANA denies any allegations inconsistent with the provisions as well as the remaining allegations of paragraph 15.

16.     Answering the allegations in paragraph 16 of the complaint, BANA states the CC & Rs speak for themselves. BANA denies any allegations inconsistent with the CC & Rs as well as the remaining allegations of paragraph 16.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

17.     BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 17 of the complaint, and denies each such allegation on that basis.

18.     The provisions of NRS Chapter 116 speak for themselves. BANA denies any allegations inconsistent with the provisions as well as the remaining allegations of paragraph 18.

19.     BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 19 of the complaint, and denies each such allegation on that basis.

20.     BANA admits a trustee's deed upon sale was recorded on May 2, 2013 as document number 4232797. BANA further states the document speaks for itself. BANA denies any allegations inconsistent with the document as well as the remaining allegations of paragraph 20.

21.     BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 21 of the complaint, and denies each such allegation on that basis.

22.     BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 22 of the complaint, and denies each such allegation on that basis.

23.     BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 23 of the complaint, and denies each such allegation on that basis.

24.     BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 24 of the complaint, and denies each such allegation on that basis.

25.     BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 25 of the complaint, and denies each such allegation on that basis.

26.     BANA contends it continues to claim a senior interest in the property. To the extent the Court may decide BANA's interest was extinguished as a result of the HOA foreclosure sale on April 4, 2013, BANA states, in the alternative, it is entitled to the excess proceeds from the sale.

27.     BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 27 of the complaint, and denies each such allegation on that basis.

28.     BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 28 of the complaint, and denies each such allegation on that basis.

29.     BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 29 of the complaint, and denies each such allegation on that basis.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

30.     The provisions of NRS Chapter 116 speak for themselves. BANA denies any allegations inconsistent with the provisions as well as the remaining allegations of paragraph 30.

31.     BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 31 of the complaint, and denies each such allegation on that basis.

32.     BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 32 of the complaint, and denies each such allegation on that basis.

33.     BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 33 of the complaint, and denies each such allegation on that basis.

34.     BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 34 of the complaint, and denies each such allegation on that basis.

35.     BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 35 of the complaint, and denies each such allegation on that basis.

WHEREFORE, BANA prays for the following:

1.     That Alessi take nothing by way of its complaint;

2.     That the Court deny Alessi's request that BANA be restrained from instituting any action against Alessi for recovery of any portion of the excess proceeds;

3.     That the Court deny Alessi's request to be discharged from all liability;

4.     That the Court deny Alessi's request for attorneys' fees and costs;

5.     For BANA's attorneys' fees and costs of defending this action; and

6.     For such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff has failed to state facts sufficient to constitute any cause of action against Defendants.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

### SECOND AFFIRMATIVE DEFENSE
### (Void for Vagueness)

To the extent that Plaintiffs' interpretation of NRS 116.3116 is accurate, the statute, and Chapter 116, are void for vagueness as applied to this matter.

### THIRD AFFIRMATIVE DEFENSE
### (Due Process Violations)

A senior deed of trust beneficiary cannot be deprived of its property interest in violation of the Procedural Due Process Clause of the 14 Amendment of the United States Constitution and Article 1, Sec. 8, of the Nevada Constitution.

### FOURTH AFFIRMATIVE DEFENSE
### (Tender, Estoppel, Laches and Waiver)

The super-priority lien was satisfied prior to the homeowner's association foreclosure under the doctrines of tender, estoppel, laches, or waiver.

### FIFTH AFFIRMATIVE DEFENSE
### (Commercial Reasonableness and Violation of Good Faith)

The homeowner's association foreclosure sale was not commercially reasonable, and the circumstances of sale of the property violated the homeowner's association's obligation of good faith and duty to act in a commercially reasonable manner.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs' claims are barred in whole or in part because of its failure to take reasonable steps to mitigate its damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Standing)

The Plaintiffs lacks standing to bring some or all of their claims and causes of action.

### EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Defendant avers the affirmative defense of unclean hands.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

### NINTH AFFIRMATIVE DEFENSE
#### (Plaintiff is Not Entitled to Relief)

Defendant denies that the Plaintiff is entitled to any relief for which it prays.

### TENTH AFFIRMATIVE DEFENSE
#### (Failure to Do Equity)

Defendant avers the affirmative defense of failure to do equity.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Failure to Provide Notice)

Defendants were not provided proper notice of the "superpriority" assessment amounts and the homeowner's association foreclosure sale, and any such notice provided to Defendants failed to comply with the statutory and common law requirements of Nevada and with state and federal constitutional law.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Void Foreclosure Sale)

The HOA foreclosure sale is void for failure to comply with the provisions of NRS Chapter 116, and other provisions of law.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Federal Law)

The homeowners' association sale is void or otherwise fails to extinguish the applicable deed of trust because it violates provisions of the United States' Constitution and/or applicable federal law.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Supremacy Clause)

The HOA sale is void or otherwise fails to extinguish the applicable deed of trust pursuant to the Supremacy Clause of the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (Additional Affirmative Defenses)

Pursuant to fRCP 11, Defendants reserve the right to assert additional affirmative defenses in the event discovery and/or investigation disclose the existence of other affirmative defenses.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 - FAX: (702) 380-8572

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (Due Process — Facially Unconstitutional Provisions)

Chapter 116 of the Nevada Revised Statutes is facially unconstitutional because its "opt-in" notice provisions do not mandate that reasonable and affirmative steps be taken to give actual notice to a record lien holder before depriving that lien holder of its property rights, in violation of the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and of the Nevada Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (Plaintiff is not a Bona Fide Purchaser for Value)

Plaintiff purchased the property with record notice of the interest of the senior deed of trust recorded against the property.

### EIGHTEENTH AFFIRMATIVE DEFENSE
#### (Assumption of the Risk)

Plaintiff, at all material times, calculated, knew and understood the risks inherent in the situations, actions, omissions and transactions upon which it now bases its various claims for relief, and with such knowledge, Plaintiff undertook and thereby assumed such risks and is consequently barred from all recovery by such assumption of risk.

### COUNTERCLAIM AGAINST ALESSI AND CROSSCLAIMS AGAINST DEFENDANT SFR INVESTMENTS POOL 1, LLC AND DEFENDANT HOA

BANA pleads its counterclaims and crossclaims in the alternative. BANA contends the HOA sale on April 4, 2013 did not extinguish its interest in the property. To the extent the Court decides otherwise, BANA is entitled to the entirety of the proceeds from the HOA sale. BANA therefore alleges as follows:

### PARTIES

1.      Upon information and belief, counter-defendant Alessi & Koenig, LLC (**Alessi**) is a Nevada limited liability company.

2.      Upon information and belief, cross-defendant SFR Investments Pool 1, LLC (**SFR**) is a Nevada limited liability company.

3.      Upon information and belief, Double Diamond Ranch Master Association (**HOA**) is a Nevada Non-Profit Corporation.

4.      Upon information and belief, defendants Does 1 through 10, inclusive (the **Doe Defendants**), are individuals who may be liable for damages with the named defendants on the allegations set forth in this complaint or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112. BANA may seek leave of Court to amend this complaint to reflect the true names and identities of the Doe Defendants when known.

5.      Upon information and belief, defendants Roe Corporations 1 through 10, inclusive (the **Roe Defendants**), are corporate entities that may be liable for damages with the named defendants on the allegations set forth in this complaint or may have received fraudulent transfers, which are avoidable pursuant to NRS Ch. 112. BANA may seek leave of Court to amend this complaint to reflect the true names and identities of the Roe Defendants when known.

6.      Venue is proper in the District of Nevada because this action seeks to determine an interest in property located within Washoe County, Nevada.

7.      Under Nevada law, HOAs have the right to charge property owners residing within the HOA community an assessment to cover the HOA's expenses for, *inter alia,* maintaining or improving the HOA.

8.      When these assessments go unpaid, the HOA may impose a lien and then foreclose on a lien if the assessments remain unpaid.

9.      Under NRS 116.3116, an HOA may impose a lien for "any penalties, fees, charges, late charges, fines and interest charged" under NRS 116.3102(1)(j)-(n).

10.     Nevada Revised Statute 116.3116 makes an HOA's lien for assessments junior to a first deed of trust, such as the deed of trust securing defendants' loans, with one exception: an HOA lien is senior to a first security interest "to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

become due on the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]"

11.     The "super-priority" lien created by NRS 116.3116 attaches after a first-priority deed is foreclosed. If the amount secured by the super-priority lien is not paid at or prior to foreclosure of the first deed of trust, the super-priority lien attaches and clouds title to the property. Alessi must clear this cloud in order to deliver marketable title to its foreclosure purchaser.

**FACTUAL ALLEGATIONS**

12.     Richard and Sandra Silverstein (**Borrowers**) obtained title to the property located at 1621 Caliterra Way, Reno, Nevada 89521 on or about April 2005.

13.     In 2005, the Silversteins took out a loan from Countywide Home Loans, Inc. for $368,000.00[1]. The loan was secured by a deed of trust recorded against the property on April 28, 2005.

14.     Following the Silversteins' failure to timely pay HOA dues, Alessi recorded a notice of default and election to sell under homeowners' association lien on behalf of the Double Diamond Ranch Master Association homeowners' association on May 3, 2012

15.     Alessi recorded a notice of trustee's sale on March 13, 2013.  In violation of law, the notice of sale did not provide notice of the amount of overdue assessments.

16.     On April 4, 2013, Alessi sold the property at a non-judicial foreclosure sale to SFR for $15,000.00. The trustee's deed upon sale was recorded on May 2, 2013.

17.     The Master Declaration of Covenants, Restrictions and Easements for Double Diamond Ranch (**CC&Rs**) includes a mortgagee protection clause which states:

> No amendment or violation of this Master Declaration shall operate to defeat or render invalid the rights of the Beneficiary under any Deed of Trust upon a Separate Interest made in good faith and for value, and Recorded prior to the Recordation of such amendment, provided that after the foreclosure of any such Deed of Trust such Separate Interest shall remain subject to this Master Declaration, as amended.  In order to induce the FHLMC, GNMA, VA, HUD and FNMA to participate in the financing of the sale of Separate Interests within the Properties, the following

---

[1]     Bank of America, N.A. is a successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans, Inc.

AKERMAN LLP

1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

provisions are added hereto (and to the extent these added provisions, pertaining to the rights of Mortgagees, FHLMC, FNMA, VA, HUD, and GNMA, conflict with any other provisions of this Master Declaration or any other of the Governing Documents, these added restrictions shall control.

*See* **Exhibit A**, attached hereto, at p. 58, Article XII.

18.     Under the CC&Rs, a Mortgagee is defined in the following manner:

Section 1.36.   Mortgagee.   **"Mortgagee"** means a Person to whom a Mortgage is made and shall include the beneficiary of a Deed of Trust…

*Id.* at p. 8, Section 1.36.

## COUNTERCLAIMS AGAINST ALESSI

### FIRST CLAIM FOR RELIEF
### (Quiet Title Against Alessi)

19.     BANA repeats and realleges the preceding paragraphs as though fully set forth herein.

20.     Alessi failed to comply with the requirements of NRS 116.

21.     Upon information and belief, Alessi sold the property to SFR by alleging that SFR's purchase of the property was free and clear of BANA's deed of trust.

3.     BANA's interest in the property is adverse to Alessi's and BANA is entitled to a determination that Alessi's sale resulted in SFR's purchase of the property subject to BANA's deed of trust, or that the sale was void for wrongful refusal to accept tender or inadequate notice.

4.     As special damages, BANA is entitled to collect its reasonable attorneys' fees incurred to protect its senior priority deed of trust.

5.     BANA has suffered damages in excess of $10,000.00.

6.     BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect reasonable attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
### (Declaratory Relief Against Alessi)

22.     BANA repeats and realleges the preceding paragraphs as though fully set forth herein.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

23.     Nevada Revised Statute 30.040 permits parties with an interest in a deed of trust to "obtain a declaration of rights, status or other legal relations thereunder."

24.     BANA seeks a declaration that the HOA foreclosure is void because Alessi and/or the HOA did not give statutorily required notices to BANA, or the notices were inadequate to satisfy due process requirements, and because Alessi wrongfully refused tender.

25.     In particular, the notice of delinquent assessment lien, notice of default and election to sell, and notice of trustee's sale did not specify the HOA's purported super-priority lien amount, or provide BANA with a way to pay off the purported super-priority lien amount prior to the HOA foreclosure sale.

26.     As a result of Alessi's failure to provide adequate notice to BANA, BANA has suffered damages in excess of $10,000.00

27.     BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect reasonable attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
**(Wrongful Foreclosure Against Alessi)**

28.     BANA repeats and alleges the preceding paragraphs as though fully set forth herein.

29.     BANA has an interest in the foreclosure of the HOA's super-priority lien.

30.     Alessi violated its statutory obligations under NRS Chapter 116 by failing to give adequate notice to BANA and failing to act in good faith during the conduct of the HOA foreclosure proceedings.

31.     This conduct was in contravention of Article XII, Mortgagee Protection, of the CC&Rs.

32.     Alessi's actions resulted in a wrongful foreclosure sale to SFR.

33.     As a result of Alessi's actions, BANA has suffered damages in excess of $10,000.00.

34.     BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect reasonable attorneys' fees and costs.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

**FOURTH CAUSE OF ACTION**
**(Unjust Enrichment Against Alessi)**

35.     BANA repeats and alleges the preceding paragraphs as though fully set forth herein.

36.     By refusing to accept BANA's tender of the full super-priority amount necessary to prevent foreclosure, Alessi provided itself with the opportunity to perform many additional services relating to the foreclosure on behalf of the HOA.

37.     Consequently, Alessi has been unjustly enriched by refusing in bad faith to accept BANA's tender of the full super-priority amount and BANA has been injured as a direct and proximate result of Alessi's conduct. Alessi has been unjustly enriched in an amount at least equal to the Alessi's charges for services rendered after BANA attempted tender; services that would have been unnecessary if Alessi had accepted the tender.

38.     BANA is entitled to a reasonable amount of the benefits obtained by Alessi based on a theory of unjust enrichment.

39.     BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorney's fees and costs.

**FIFTH CAUSE OF ACTION**
**(Tortious Interference with Contractual Relations Against Alessi)**

40.     BANA repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

41.     Borrowers executed a Deed of Trust of trust in favor of Countrywide Home Loans, Inc., recorded April 28, 2005.

42.     On March 13, 2013, Alessi, as agent for the HOA, recorded a Notice of Trustee's Sale, stating the Borrower owed $4,575.00.

43.     In an effort to protect its first Deed of Trust, BANA, through counsel at Miles Bauer, reached out to Alessi to obtain a payoff ledger, seeking to determine the portion of the HOA's lien which had super-priority over BANA's first Deed of Trust.

44.     BANA tendered payment of $270.00 to Alessi to satisfy the super-priority portion of the HOA's lien. This amount was equal to the last nine months of delinquent assessments—the maximum amount the HOA could claim had super-priority over BANA's first Deed of Trust.

45.     Rather than accept this tender, the HOA, through Alessi, foreclosed on the Property. The HOA sold the Property to SFR for $15,000, approximately 4% of the original amount of the senior deed of trust.

46.     The HOA's decision to foreclose on the Property rather than accept BANA's tender payment—which would have prevented foreclosure—was designed to disrupt, and did disrupt, the contractual relationship between BANA and Borrowers by extinguishing BANA's first Deed of Trust.

47.     The HOA and Alessi's foreclosure allowed the HOA to recover the full value of its delinquent assessment lien rather than just the amount of the lien with super-priority over BANA's first Deed of Trust.

48.     While Alessi's rejection of tender and subsequent foreclosure sale allowed the HOA to recover the full value of its lien, its conduct directly and proximately injured BANA in that it has put the first priority position of BANA's Deed of Trust in dispute.

49.     BANA is entitled to an order establishing that its Deed of Trust is the senior lien encumbering the Property or, in the alternative, monetary damages equal to the value secured by its first Deed of Trust that was purportedly extinguished as a direct result of the HOA and Alessi's intentional acts.

50.     BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorney's fees and costs.

## SIXTH CAUSE OF ACTION
### (Breach of the Duty of Good Faith Against Alessi)

51.     BANA repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

52.     NRS 116.1113 provides that every duty governed by NRS 116, the Common-Interest Ownership Uniform Act, must be performed in good faith.

53.     Prior to the foreclosure of the Property, BANA tendered the full super-priority amount to Alessi on or about August 20, 2010. Alessi, acting on behalf of the HOA, refused to accept payment.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

54.     Rather than accept a payment which would satisfy its super-priority lien, the HOA determined in bad faith to foreclose on the Property pursuant to NRS 116, and thereby breached its duty of good faith.This conduct was also in contravention of Article XII, Mortgagee Protection, of the CC&Rs.

55.     This bad-faith foreclosure allowed the HOA to recover the full value of its lien for delinquent assessments, rather than the portion of the lien with priority over BANA's first Deed of Trust. As a direct and proximate result of the HOA's conduct, the first priority position of BANA's Deed of Trust with an original amount of $368,000.00 has been put in dispute.

56.     BANA is entitled to an order establishing that its Deed of Trust is the senior lien encumbering the Property or, in the alternative, monetary damages equal to the value secured by its first Deed of Trust that was purportedly extinguished as a direct result of the HOA and Alessi's bad-faith foreclosure.

57.     BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorney's fees and costs.

### CROSS-CLAIMS AGAINST SFR AND THE HOA

### FIRST CLAIM FOR RELIEF
#### (Quiet Title Against SFR)

58.     BANA repeats and realleges the preceding paragraphs as though fully set forth herein.

59.     Upon information and belief, SFR asserts an adverse claim of title to the property.

60.     Upon information and belief, SFR's assertion of an adverse claim is in contradiction of the provisions in NRS Chapter 116.

61.     Upon information and belief, BANA's interest in the property is adverse to SFR's because SFR asserts it owns the property free and clear of BANA's deed of trust.  BANA is entitled to a determination that Alessi's sale resulted in SFR's purchase of the property subject to BANA's deed of trust, or that the sale was void for wrongful refusal to accept tender or inadequate notice.

62.     As special damages, BANA is entitled to collect reasonable attorneys' fees it incurred in order to protect its senior priority deed of trust.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

63.     As a result of SFR's assertion of an interest in the property, BANA has suffered damages in excess of $10,000.00.

64.     BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Declaratory Relief Against SFR)

65.     BANA repeats and realleges the allegations in the preceding paragraphs as though fully set forth herein.

66.     Upon information and belief, an actual controversy exists between BANA and SFR. SFR asserts it owns the property free and clear of BANA's senior deed of trust.

67.     BANA seeks two judicial declarations. These judicial declarations are necessary to: (1) settle an actual and ripe dispute between BANA and SFR concerning the parties' rights and obligations under NRS 116.3116; (b) to declare SFR purchased the property subject to BANA's senior deed of trust; alternatively, BANA ask the Court to declare the HOA foreclosure sale was commercially unreasonable as a matter of law because a purchase of the property for $15,000.00 free and clear of BANA's deed of trust shocks the conscience and is either void ab initio or renders SFR not a bona fide purchaser for value.

68.     BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF
### (Unjust Enrichment Against SFR)

69.     BANA repeats and realleges the allegations in the preceding paragraphs as though fully set forth herein.

70.     The HOA foreclosure sale unjustly enriched SFR in that it obtained a property secured by a deed of trust in the amount of $368,000.00 for the inequitable purchase price of $15,000.00.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

71.     Upon information and belief, SFR continues to retain and derive income from the property to the detriment of BANA, contrary to fundamental principles of fairness, justice, and fair dealing.

72.     BANA is entitled to the reasonable amount of benefits obtained by SFR based on a theory of unjust enrichment, which amount is in excess of $10,000.00.

73.     BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect reasonable attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**(Unjust Enrichment Against the HOA)**

74.     BANA repeats and re-alleges the preceding paragraphs as though set forth fully herein and incorporates the same by reference.

75.     Under NRS 116.3116(2), a homeowners' association's lien is split into two portions: one which has super-priority, and another which is subordinate to a first deed of trust.

76.     The portion of the lien with super-priority consists of only the last nine months of assessments for common expenses incurred prior to the institution of an action to enforce the lien. The remainder of a homeowners' association's lien is subordinate to a first deed of trust.

77.     Prior to the foreclosure sale, BANA, through counsel at Miles Bauer, requested from the HOA through its agent and trustee Alessi a payoff ledger detailing the super-priority amount BANA would be required to tender to protect its first Deed of Trust.

78.     While Alessi did provide a payoff ledger, the super-priority amount the HOA Trustee demanded was far in excess of the true super-priority amount allowed under NRS 116.3116(2)(c).

79.     BANA, through Miles Bauer, tendered $270.00 to the HOA through its agent and trustee Alessi in an attempt to satisfy the super-priority portion of the HOA's lien to protect Bank of America's first Deed of Trust. This amount was equal to the last nine months of HOA assessments; the full amount the HOA could claim had super-priority over Bank of America's first Deed of Trust.

80.     The HOA, through Alessi, rejected BANA's tender of the super-priority amount.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{38055543;1}

17

81.     Instead, the HOA, through Alessi, foreclosed on the Property. This allowed the HOA to sell the property at the foreclosure sale for $15,000, approximately 4% of the original value of the first Deed of Trust.

82.     By foreclosing on the Property rather than accepting BANA's tender of the super-priority amount, the HOA was unjustly enriched in an amount at least equal to the difference between the true super-priority portion of its lien and the amount the HOA actually recovered from the foreclosure proceeds.

83.     BANA was injured as a direct and proximate result of the HOA's actions.

84.     BANA is entitled to a reasonable amount of the benefits obtained by the HOA based on a theory of unjust enrichment.

85.     BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorney's fees and costs.

## FIFTH CAUSE OF ACTION
### (Tortious Interference with Contractual Relations Against the HOA)

86.     BANA repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

87.     On April 28, 2005, Borrowers executed a Deed of Trust of trust in favor of Countrywide Home Loans, Inc.

88.     On February 17, 2010, Alessi, as agent for the HOA, recorded a Notice of Delinquent Assessment.

89.     In an effort to protect its first Deed of Trust, Bank of America, through counsel at Miles Bauer, reached out to Alessi to obtain a payoff ledger, seeking to determine the portion of the HOA's lien which had super-priority over Bank of America's first Deed of Trust.

90.     Bank of America tendered payment of $270.00 to Alessi to satisfy the super-priority portion of the HOA's lien. This amount was equal to the last nine months of delinquent assessments—the maximum amount the HOA could claim had super-priority over Bank of America's first Deed of Trust, plus a reasonable collection cost.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{38055543;1}

91.     Rather than accept this tender, the HOA, through Alessi, foreclosed on the Property. The HOA sold the Property for $15,000, approximately 4% of the original amount of the senior deed of trust.

92.     The HOA's decision to foreclose on the Property rather than accept BANA's tender payment—which would have prevented foreclosure—was designed to disrupt, and did disrupt, the contractual relationship between BANA and the Borrowers by extinguishing BANA's first Deed of Trust.

93.     The HOA and Alessi's foreclosure allowed the HOA to recover the full value of its delinquent assessment lien rather than just the amount of the lien with super-priority over BANA's first Deed of Trust.

94.     While Alessi's rejection of tender and subsequent foreclosure sale allowed the HOA to recover the full value of its lien, its conduct directly and proximately injured BANA in that it has put the first priority position of BANA's Deed of Trust in dispute.

95.     BANA is entitled to an order establishing that its Deed of Trust is the senior lien encumbering the Property or, in the alternative, monetary damages equal to the value secured by its first Deed of Trust that was purportedly extinguished as a direct result of the HOA and Alessi's intentional acts.

96.     BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorney's fees and costs.

**SIXTH CAUSE OF ACTION**
**(Breach of the Duty of Good Faith Against the HOA)**

97.     BANA repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

98.     NRS 116.1113 provides that every duty governed by NRS 116, the Common-Interest Ownership Uniform Act, must be performed in good faith.

99.     Prior to the foreclosure of the Property, BANA attempted to obtain payoff information from Alessi, as agent for the HOA.

100.     Prior to the foreclosure of the Property, BANA tendered the full super-priority amount to Alessi on or about August 17, 2010. Alessi, acting on behalf of the HOA, refused to accept payment.

101.     Rather than accept a payment which would satisfy its super-priority lien, the HOA determined in bad faith to foreclose on the Property pursuant to NRS 116, and thereby breached its duty of good faith.

102.     This conduct was also in contravention of Article XII, Mortgagee Protection, of the CC&Rs.

103.     This bad-faith foreclosure allowed the HOA to recover the full value of its lien for delinquent assessments, rather than the portion of the lien with priority over BANA's first Deed of Trust. As a direct and proximate result of the HOA's conduct, the first priority position of Bank of America's Deed of Trust with an original amount of $368,000.00 has been put in dispute.

104.     Bank of America is entitled to an order establishing that its Deed of Trust is the senior lien encumbering the Property or, in the alternative, monetary damages equal to the value secured by its first Deed of Trust that was purportedly extinguished as a direct result of the HOA and Alessi's bad-faith foreclosure.

105.     BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorney's fees and costs.

## SEVENTH CAUSE OF ACTION
### (Wrongful Foreclosure Against the HOA)

106.     BANA repeats and re-alleges the preceding paragraphs as though fully set forth herein and incorporates the same by reference.

107.     Prior to the foreclosure of the Property, BANA attempted to obtain payoff information from Alessi, as agent for the HOA.

108.     Prior to the HOA's foreclosure sale, BANA tendered the full super-priority amount of the HOA's lien to Alessi.  Alessi, acting on behalf of the HOA, rejected this tender.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

109.    BANA's tender attempt extinguished the super-priority portion of the HOA's lien. Consequently, the HOA's foreclosure of the super-priority portion of its lien was wrongful, as the Borrowers were not in default for that portion of the lien.

110.    As a direct and proximate result of the HOA and Alessi's wrongful foreclosure, the first priority position of BANA's first Deed of Trust with an original value of $368,000 has been put in dispute.

111.    This conduct is in contravention of Article XII, Mortgagee Protection, of the CC&Rs.

112.    BANA is entitled to an order establishing that its Deed of Trust is the senior lien encumbering the Property or, in the alternative, monetary damages equal to the value secured by its first Deed of Trust that was purportedly extinguished as a direct result of the HOA and Alessi's wrongful foreclosure.

113.    BANA was required to retain an attorney to prosecute this action, and is therefore entitled to collect its reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

BANA requests the Court grant the following relief:

1.    A declaration establishing BANA's Deed of Trust is the senior lien encumbering the property;

2.    A declaration establishing BANA's Deed of Trust is senior and superior to any right, title, interest, lien, equity, or estate of any other Party;

3.    A declaration establishing that the super-priority portion of the HOA's lien is eliminated as a result of the HOA's refusal to accept BANA's tender of the full super-priority amount;

4.    A preliminary injunction prohibiting any party, their successors, assigns, or agents, from conducting any sale, transfer, or encumbrance of the Property that is claimed to be superior to the senior Deed of Trust, or not subject to the senior Deed of Trust;

5.    A preliminary injunction requiring SFR Investments Pool, 1, LLC to pay all taxes, insurance, and homeowner's association dues during the pendency of this action;

6.      Judgment in BANA's favor against Plaintiff, the HOA, and SFR Investments Pool 1, LLC for the amount that they were unjustly enriched in an amount in excess of $10,000;

7.      Judgment in BANA's favor against Plaintiff, the HOA, and SFR Investments Pool 1, LLC for the damages they caused BANA in an amount in excess of $10,000;

8.      In the alternative, BANA requests that it be awarded the proceeds of the foreclosure sale.

9.      Reasonable attorney's fees as special damages and the costs of the suit; and

10.     For such other and further relief the Court deems proper.

DATED this 2nd day of May, 2016.

AKERMAN LLP

/s/ Tenesa S. Scaturro, Esq.
DARREN BRENNER, ESQ.
Nevada Bar No. 8386
TENESA SCATURRO, ESQ.
Nevada Bar No. 12488
1160 Town Center Drive, Suite 330
Las Vegas, Nevada 89144

Attorneys for Defendant Bank of America, N.A.

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

{38055543;1}                      22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AKERMAN LLP
1160 TOWN CENTER DRIVE, SUITE 330
LAS VEGAS, NEVADA 89144
TEL.: (702) 634-5000 – FAX: (702) 380-8572

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5(b), I certify that on the 2nd day May, 2016, I served via CM/ECT electronic filing system, and/or deposited for mailing in the U.S. Mail postage prepaid, a true and correct copy of the foregoing **BANK OF AMERICA N.A.'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT AND CROSS/COUNTERCLAIM AGAINST PLAINTIFF, SFR INVESTMENTS POOL 1, LLC, AND DOUBLE DIAMOND RANCH MASTER ASSOCIATION** addressed as follows:

| | |
|---|---|
| Bradley D. Bace, Esq.<br>Alessi & Koenig, LLC<br>9500 W. Flamingo Rd., Ste. 205<br>Las Vegas, NV 89147<br>702-222-4033<br>brad@alessikoenig.com | *Attorneys for Alessi & Koenig, LLC* |
| Diana Cline Ebron, Esq.<br>Kim Gilbert Ebron<br>7625 Dean Martin Drive, Suite 110<br>Las Vegas, NV 89139<br>(702) 485-3300<br>(702) 485-3301 (fax)<br>diana@kgelegal.com | *Attorneys for SFR Investments Pool I, LLC* |
| Virginia Cronan Lowe, Esq.<br>Trial Attorney, Tax Division<br>U.S. Department of Justice<br>P.O. Box 683<br>Ben Franklin Station<br>Washington, DC 20044<br>(202) 307-6484<br>(202) 307-0054 (fax)<br>virginiacronan.lowe@usdoj.gov | *Attorneys for United States Department of Treasury, Internal Revenue Service* |

/s/ Julia M. Diaz
An Employee of AKERMAN LLP