UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALESSI & KOENIG, LLC, | |
| Plaintiff, | 3:15-cv-00520-RCJ-WGC |
| vs. | |
| RICHARD SILVERSTEIN et al., | **ORDER** |
| Defendants. | |

This interpleader action arises out of a homeowner association's foreclosure sale. Pending before the Court is a Declaration of Nonmonetary Status (ECF No. 54).

## I.   FACTS AND PROCEDURAL HISTORY

In 2005, Defendants Richard and Sandra Silverstein purchased real property in Reno, Nevada ("the Property") subject to the Covenants, Conditions, and Restrictions ("CC&R") of Double Diamond Ranch Master Association ("the HOA"). (Compl. ¶¶ 2, 3, 12–15, ECF No. 1-1). When the Silversteins failed to pay regular assessments under the CC&R, Plaintiff Alessi & Koenig, LLC ("Alessi") foreclosed on behalf of the HOA in accordance with Nevada Revised Statutes section ("NRS") 116.3116 *et seq.* (*Id.* ¶¶ 16–20). The sale price was $15,000; $5,400.68 was due to the HOA to satisfy its lien, and $2,500 was due to Alessi for fees and costs, leaving an excess of $7099.32 ("the Funds"). (*Id.* ¶¶ 20–23).

Alessi filed the present interpleader action in state court, naming potential rival claimants the Silversteins, Countrywide Home Loans, Inc. ("Countrywide"), Waste Management of Nevada, Inc. ("Waste Management"), the City of Reno ("the City"), and the IRS as Defendants. Bank of America, N.A., successor by merger to Countrywide ("BOA"), filed counterclaims for quiet title, declaratory relief, wrongful foreclosure, unjust enrichment, tortious interference with contractual relations, and breach of the duty of good faith, as well as "crossclaims" (which are in substance third-party claims) against SFR Investments Pool 1, LLC ("SFR") (the buyer at the HOA sale) for quiet title, declaratory relief, and unjust enrichment.  SFR filed counterclaims against BOA for quiet title, injunctive relief, and slander of title.  The United States removed and claimed the entire amount of the Funds.  BOA amended its pleading, adding "crossclaims" (which are in substance third-party claims) against the HOA for unjust enrichment, tortious interference with contractual relations, breach of the duty of good faith, and wrongful foreclosure.  The Court dismissed the Complaint without prejudice as against the City and Waste Management for failure to timely serve.  The HOA filed "counterclaims" (which are in substance fourth-party claims) against Alessi for declaratory relief, indemnity, and contribution.  Alessi has asked the Court to declare its nonmonetary status under NRS 107.029.  BOA has objected.

## II.     LEGAL STANDARDS

> If the trustee under a deed of trust is named in an action in which the deed of trust is the subject and the trustee has a reasonable belief that he or she has been named in the action solely in his or her capacity as trustee and not as a result of any wrongful act or omission made in the performance of his or her duties as trustee, the trustee may, at any time, file a declaration of nonmonetary status.

Nev. Rev. Stat. § 107.029(1).  If a court accepts the declaration,

> the trustee is not required to participate any further in the action and is not subject to any money damages or attorney's fees or costs, except that the trustee is required to respond to any discovery request as a nonparty participant and is bound by any court order relating to the deed of trust.

*Id.* § 107.029(5).

### III. ANALYSIS

Alessi has filed a declaration under NRS 107.029, to which BOA has objected. The Court denies the declaration because the statute applies only to "the trustee under a deed of trust," i.e., trustees foreclosing under Chapter 107. Chapter 116, which governs foreclosures by homeowner associations, contains no similar provision, and NRS 107.029 does not indicate that it applies to collection/foreclosure agents, auctioneers, or any other entity in connection with Chapter 116 foreclosures.

The Court rejects Alessi's argument that the legislative intent was for this statute under Chapter 107 to apply to HOA foreclosures under Chapter 116. The legislative intent here is plain from the unambiguous statutory text. "When interpreting a statute, legislative intent 'is the controlling factor.' The starting point for determining legislative intent is the statute's plain meaning; when a statute 'is clear on its face, a court cannot go beyond the statute in determining legislative intent.'" *State v. Lucero*, 249 P.3d 1226, 1228 (Nev. 2011) (quoting *Robert E. v. Justice Ct.*, 664 P.2d 957, 959 (Nev. 1983)). "We must attribute the plain meaning to a statute that is not ambiguous." *State v. Catanio*, 102 P.3d 588, 590 (Nev. 2004). The statute here is not ambiguous, because it does not lend itself to two or more reasonable interpretations as to whether it applies beyond trustees under deeds of trust. *See id.* The statute refers explicitly to "the trustee under a deed of trust." No reasonable interpretation of those words includes agents of any type assisting HOAs in Chapter 116 foreclosures.[1]

Alessi argues that "the legislative purpose [to protect foreclosure trustees from being forced to defend foreclosure related litigation where there are no specific allegations of wrongdoing by the trustee] is served just as well by affording protection to the HOA foreclosure

---

[1] That is not to say that an HOA's agent could never benefit from NRS 107.029 in any context. For example, if an HOA held a deed of trust under Chapter 107, the trustee thereunder could presumably invoke NRS 107.029 in an appropriate case. But that is not the case here.

trustee . . . ." But that is a consideration for a legislature performing a political function, not for a court performing an interpretive function. The question for this Court to resolve is not whether it would have been wise for the Nevada Legislature to have made NRS 107.029 applicable to Chapter 116 foreclosures but whether the Nevada Legislature in fact intended to do so, and the Court cannot so find.

Alessi next notes that the statute provides that "trustee" under the statute includes agents and employees of the trustee assisting the trustee in that capacity, as well as substitute trustees and agents. *See* Nev. Rev. Stat. § 107.029(7). That does nothing, however, to implicate foreclosures under Chapter 116. Insofar as it even needed to be stated, subsection (7) simply means that the original named trustee himself is not the only entity protected by NRS 107.029; his agents, successors, and successors' agents are also protected insofar as they are acting in the capacity of a trustee. Even if "trustee" were defined as broadly as possible, e.g., to include any "person" at all, the statute still only applies to "the trustee *under a deed of trust*," *id.* § 107.029(1) (emphasis added), and no entity acting on behalf of an HOA in the foreclosure of an HOA lien (whatever his title or function) acts under a "deed of trust."

Finally, Alessi argues that NRS 116.31168(1) incorporates NRS 107.090's notice provisions. But that is irrelevant. Nothing in Chapter 116 incorporates NRS 107.029.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion re Declaration (ECF No. 54) is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to File Excess Pages (ECF No. 52) is GRANTED.

Dated this 24th day of August, 2016.

_____
ROBERT C. JONES
United States District Judge