UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALESSI & KOENIG, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>RICHARD SILVERSTEIN et al.,<br><br>        Defendants. | 3:15-cv-00520-RCJ-WGC<br><br>**ORDER** |

This interpleader action arises out of a homeowner association's foreclosure sale. Pending before the Court are a motion to certify a question of law to the Nevada Supreme Court and a motion for partial summary judgment.

## I. FACTS AND PROCEDURAL HISTORY

In 2005, Defendants Richard and Sandra Silverstein purchased real property in Reno, Nevada ("the Property") subject to the Covenants, Conditions, and Restrictions ("CC&R") of Double Diamond Ranch Master Association ("the HOA"). (Compl. ¶¶ 2, 3, 12–15, ECF No. 1-1). When the Silversteins failed to pay regular assessments under the CC&R, Plaintiff Alessi & Koenig, LLC ("Alessi") foreclosed on behalf of the HOA in accordance with Nevada Revised Statutes section ("NRS") 116.3116 *et seq.* (*Id.* ¶¶ 16–20). The sale price was $15,000; $5,400.68 was due to the HOA to satisfy its lien, and $2,500 was due to Alessi for fees and costs, leaving an excess of $7099.32 ("the Funds"). (*Id.* ¶¶ 20–23).

Alessi filed the present interpleader action in state court, naming potential rival claimants the Silversteins, Countrywide Home Loans, Inc. ("Countrywide"), Waste Management of Nevada, Inc. ("Waste Management"), the City of Reno ("the City"), and the IRS as Defendants. Bank of America, N.A., successor by merger to Countrywide ("BOA"), filed counterclaims for quiet title, declaratory relief, wrongful foreclosure, unjust enrichment, tortious interference with contractual relations, and breach of the duty of good faith, as well as "crossclaims" (which are in substance third-party claims) against SFR Investments Pool 1, LLC ("SFR") (the buyer at the HOA sale) for quiet title, declaratory relief, and unjust enrichment. SFR then filed counterclaims against BOA for quiet title, injunctive relief, and slander of title. The United States removed and claimed the entire amount of the Funds. BOA amended its pleading, adding "crossclaims" (which are in substance third-party claims) against the HOA for unjust enrichment, tortious interference with contractual relations, breach of the duty of good faith, and wrongful foreclosure. The Court dismissed the Complaint without prejudice as against the City and Waste Management for failure to timely serve those parties. The HOA filed "counterclaims" (which are in substance fourth-party claims) against Alessi for declaratory relief, indemnity, and contribution. Alessi asked the Court to declare its nonmonetary status under NRS 107.029. BOA objected, and the Court sustained the objection. Alessi has now asked the Court to certify a question of law to the Nevada Supreme Court and for partial summary judgment.

## II.     DISCUSSION

### A.     Certification

Alessi asks the Court to certify the following question to the Nevada Supreme Court: "Does NRS 116.31168(1)'s incorporation of NRS 107.090 require homeowners' associations to provide notices of sale to banks even when a bank does not request notice?" The Court will not certify the question. As the Court has ruled in a previous case after careful analysis of the

language of the statute, the statute's legislative history, and the Nevada Supreme Court's own language interpreting the statute's operation, the answer is "no." *See U.S. Bank, N.A. v. SFR Invs. Pool 1, LLC*, 124 F. Supp. 3d 1063, 1079–80 (D. Nev. 2015) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 411 (Nev. 2014)). The Court of Appeals has since ruled in accord. *See Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1159 (9th Cir. 2016) (reasoning that NRS 116.31168's incorporation of NRS 107.090(3)–(4) would render NRS 116.31163 and 116.311635 superfluous).

### B.     Summary Judgment

Alessi asks the Court to rule on a pure issue of law, i.e., whether the unconstitutional 1993 version of Chapter 116's notice scheme reverted to the 1991 version under the "return doctrine"—the doctrine that an unconstitutional statute is no law and the previous constitutional version of the law is revived when it is struck down, *see We the People ex rel. Angle v. Miller*, 192 P.3d 1166, 1176 (Nev. 2008)—when the *Bourne Valley* court ruled that the 1993 version of the notice scheme in effect at the time of the HOA sale was facially unconstitutional. The Court cannot issue an advisory opinion, however, *see, e.g.*, *Calderon v. Ashmus*, 523 U.S. 740, 745–46 (1998), and that would be the crux of such a ruling. As to future foreclosures, the Court will not rule whether a hypothetical future foreclosure must comply with some pre-*Bourne Valley* version of Chapter 116 versus the current version (which has been amended since the events in *Bourne Valley* occurred). As to the previous foreclosure in this case, such a ruling would also be an advisory opinion, because Alessi does not present any actual controversy, e.g., whether the foreclosure was valid under the allegedly facially valid 1993 version of Chapter 116 (which required reasonable notice) due to reasonable notice having been given in this case. Alessi makes no offer of proof as to reasonable notice having been given. Absent some contrary offer of proof, in this case as in other similar cases the only notice given to the first deed of trust

holder was presumably by publication, which the Court has already noted is not constitutionally reasonable.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Certify (ECF No. 62) and the Motion for Partial Summary Judgment (ECF No. 65) are DENIED.

IT IS SO ORDERED.

Dated January 4, 2017.

_____
ROBERT C. JONES
United States District Judge